**In re Francis BANDILLI, Diane Bandilli, Debtors.**

**Bankruptcy No. 97–11525.**

United States Bankruptcy Court, D. Rhode Island.

March 5, 1998.

274

Russell D. Raskin, Raskin & Berman, Providence, RI, for Debtors.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, for Chapter 13 Trustee.

## ORDER DENYING MOTION FOR HARDSHIP DISCHARGE

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on January 8, 1998, on the Debtors' request for a hardship discharge under 11 U.S.C. § 1328(b). For the reasons discussed below, the request is denied.

### BACKGROUND

Diane and Francis Bandilli filed a Chapter 13 petition on April 14, 1997, and on August 5, 1997, an Order of Confirmation was entered which provided for: (1) plan payments of $500 per month for sixty months; (2) a dividend of 10% to unsecured creditors, whose claims totaled approximately $63,000; and (3) avoidance of a $28,000 judicial lien on the Debtors' home. On November 24, 1997, just three and one half months after confirmation, the Debtors filed their request for a hardship discharge based on Diane Bandilli's alleged deteriorated health, leaving the Debtors insufficient income with which to fund the plan. Attached to the motion were voluminous medical reports indicating that Diane suffered from Idiopathic Thrombocytopenia ("ITP").

### FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

Section 1328(b) provides:

At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b).

"In order to qualify for a hardship discharge, the Debtors must persuade the Court that they have complied with each subsection of section 1328(b)." *In re White*, 126 B.R. 542, 545 (Bankr.N.D.Ill.1991). The Chapter 13 Trustee concedes that subsection 2 has been satisfied.

Regarding subsection (1) of 1328(b), most courts have limited its application to compelling circumstances. *See id.* (and cases cited therein). A Chapter 13 guru has written that a hardship discharge is "reserved for the truly worst of the awfuls...." K. Lundin, *Chapter 13 Bankruptcy*, § 9.18 at 9–26 (1990). Some courts take a more relaxed approach and allow a hardship discharge "due to economic circumstances that did not exist nor were foreseeable at the time of confirmation of the plan, where those circumstances are beyond the debtor's control, and where the debtor has made every effort to overcome those circumstances but is unable to complete his plan payments." *In re Edwards*, 207 B.R. 728 (Bankr.N.D.Fla.1997). Under either standard, the circumstances warranting a hardship discharge must not have been present at the time of confirmation. These Debtors have not met that requirement.

---

**1.** The following sets forth our findings of fact and conclusions of law in accordance with Fed.

R.Bankr.P. 7052 and 9014.

There is no doubt that Mrs. Bandilli is suffering from a serious medical condition, which appears to be permanent. However, she has had this illness for thirty-four years. Although she testified that in October 1997 her health worsened and she was hospitalized "a lot," her condition has since stabilized. She receives disability payments equal to what she was earning at confirmation. Mrs. Bandilli stated that her husband misses work to bring her for chemotherapy, which in turn reduces the income available to fund the Chapter 13 plan, but when asked to quantify the alleged financial loss, the testimony was vague and unconvincing.

According to Schedule I, Mr. Bandilli has three sources of income: (1) $3,200 per month as a self employed pet groomer; (2) $500 per month from real property investments; and (3) $1,200 per month in wages from U–Hall. Mrs. Bandilli first stated that her husband had to reduce his hours with U–Hall in order to take her for treatment, but on cross examination testified that the U–Hall income was still $1,200 per month and that the reduction in income was due to a decrease in the pet grooming business. She testified that income from pet grooming was: October 1997, $2,300; November, $1,270; and December, $1,950.

At the hearing, in addition to inconsistent and generally unreliable testimony as to income, we heard *for the first time* that the Debtors had a prior Chapter 7 bankruptcy in Massachusetts in 1994, in which they discharged almost $340,000 in unsecured debt. The Debtors failed to disclose this information in their Chapter 13 papers or at their confirmation hearing, even though they were represented by the same attorney in both cases. Although fraud has not been raised, the issue of good faith is certainly before the Court, and given the extensive financial relief obtained by the Debtors in their earlier bankruptcy, the likelihood that we would have confirmed the present plan with only a 10% dividend to unsecured creditors, if all the facts were known, is unlikely. Add to this the fact that the Debtors now would like to wipe out all their Chapter 13 creditors after a plainly inadequate effort, and you end up with a disingenuous and unacceptable scenario.

Based on the evidence, we find that the Debtors' circumstances have not changed substantially from the date of the confirmation hearing, and that the first requirement of Section 1328(b) has not been satisfied. Additionally, given the lack of disclosure/candor regarding the prior bankruptcy, coupled with the short duration of this Chapter 13 and the fact that a hardship discharge in Chapter 13 is equivalent to a Chapter 7 discharge, *see* 11 U.S.C. § 1328(c); *Edwards,* 207 B.R. at 730 (something to which these Debtors are not entitled), the equities do not favor the relief being sought. Also, the Debtors have proffered no evidence as to the third prong of Section 1328(b), i.e., that plan modification is impracticable.

Mrs. Bandilli has had a serious physical problem for most of her life, but this unfortunate circumstance does not invest the Court with authority to grant the relief requested, nor would we approve such a request, if authorized. The totality of circumstances, but especially the prior bankruptcy and the brevity of the period between confirmation and the filing of this request for relief, require that the Debtors' Motion for a Hardship Discharge be DENIED.

Enter Judgment consistent with this order.

Dated at Providence, Rhode Island, this 3rd day of March, 1998.